Grafton, }
Nov. 5, 1924. }

## DANIEL W. WILSON v. NANCY J. ATWOOD.

One who ratifies the action of another assuming without authority to act on his behalf is bound by that action.

Such ratification having been found by a referee, no question is raised for the consideration of the supreme court by an exception to judgment on the referee's report, if the evidence is not transferred.

ASSUMPSIT, to recover an agreed commission for procuring a customer for the purchase of a hotel. This is the same case reported *ante,* 61, where the facts are fully stated. The case was recommitted to the referee for the finding of further facts. Plaintiff's motion for judgment on the supplemental report of the referee was granted subject to the defendant's exception.

Transferred by *Marble,* J.

*Harry L. Heald,* for the plaintiff.

*Harry Bingham,* for the defendant.

PLUMMER, J. In accordance with the decision of the supreme court, the case was recommitted to the referee with instructions to find: 1. Whether the plaintiff attempted to act for both parties, without the defendant's knowledge of the fact. 2. Whether Reginald assumed to act for and on behalf of the defendant. 3. Whether the defendant thereafter ratified his act.

The referee, after a further hearing and evidence, filed a supplemental report of his findings.  In his findings he answered the first of the above questions in the negative, and the other two in the affirmative.

These findings, under the decision rendered in this case (*ante*, 61), entitle the plaintiff to a verdict and judgment.  The insufficiency of the evidence to support the findings of the referee is the only ground upon which the defendant's exception could be sustained. This question is not and could not be raised because the evidence has not been transferred.

*Exception overruled.*

All concurred.